UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ERNEST NICHOLS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-00569-JRS-DML |
| | ) | |
| CINDY WEISNER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING UNOPPOSED MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Ernest Nichols, Jr., an inmate at Bartholomew County Jail in Columbus, Indiana, filed this civil rights action on March 8, 2021. Mr. Nichols alleges that the defendant gave him an experimental drug without his permission while treating him for COVID-19 and that he became ill as a result.

The defendant has moved for summary judgment contending that Mr. Nichols failed to exhaust his available administrative remedies before filing this action. Dkt. 19. Mr. Nichols has not opposed the motion for summary judgment, and the deadline for doing so has passed. For the reasons explained in this Order, the defendant's unopposed motion for summary judgment must be **granted.**

### I. Legal Standards

**A. Summary Judgment**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material facts are those that might affect the outcome of the suit under applicable substantive law." *Dawson v. Brown,* 803 F.3d 829, 833 (7th Cir. 2015) (internal quotation omitted).

"A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). The Court views the facts and draws all reasonable inferences from them in the light most favorable to the non-moving party. *See Barbera v. Pearson Education, Inc.,* 906 F.3d 621, 628 (7th Cir. 2018).

The defendant's motion for summary judgment, brief in support, and Rule 56 notice were served on Mr. Nichols on August 2, 2021. Dkts. 19-21. The consequence of Mr. Nichols' failure to respond is that he has conceded the defendant's version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1(b) ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56(a) motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

### B.   Prison Litigation Reform Act

Because Mr. Nichols is a prisoner, his lawsuit is governed by the Prison Litigation Reform Act (PLRA), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) ("'To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). Because exhaustion of administrative remedies is an affirmative defense, the burden of proof is on the defendant to demonstrate that Mr. Nichols failed to exhaust all available administrative remedies before he filed this suit. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

## II. Facts

The following facts, unopposed by Mr. Nichols and supported by admissible evidence, are accepted as true for purposes of the motion for summary judgment:

Mr. Nichols alleges that he was diagnosed with coronavirus (COVID-19) on January 28, 2021, at the Bartholomew County Jail and that defendant Nurse Cindy Weisner told him she was giving him an antibiotic but instead gave him an experimental drug that made him sick. Dkt. 10 at 2-3.

The Bartholomew County Jail (the "Jail") maintains an inmate grievance policy that requires inmates to submit grievance forms within 72 hours of an alleged event. Dkt. 19-1 at 4-7. Mr. Nichols signed an acknowledgement that he read and understood the Jail's rules, which included the grievance policy. *Id*. at 10.

While incarcerated at the Jail, Mr. Nichols filed numerous grievances but none of them were about receiving an experimental medication or becoming sick from a medication related to his COVID-19 infection. *Id*. at 11-28.

### III.  Analysis

The Seventh Circuit "has taken a strict compliance approach to exhaustion." *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018). "An inmate must comply with the administrative grievance process that the State establishes.…" *Id*.; *see also Ross v. Blake,* 136 S. Ct. 1850, 1856 (2016) (the mandatory language of the PLRA "means a court may not excuse a failure to exhaust…").

The defendant has met her burden of proving that Mr. Nichols "had available [administrative] remedies that he did not utilize." *Dale*, 376 F.3d at 656. The undisputed record reflects that Mr. Nichols was aware of the grievance process and submitted grievances on a regular basis, but he did not file any grievances alleging that he had been given experimental medication or that he had become ill from medication related to his COVID-19 infection. Mr. Nichols has not identified a genuine issue of material fact supported by admissible evidence that counters the facts established by the defendant.

Mr. Nichols did not complete the available administrative process as required by Jail policy. The consequence of Mr. Nichols's failure to exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that this action must be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

### IV. Conclusion

For the above reasons, the defendant's unopposed motion for summary judgment, dkt. [19],

is **granted.** Final judgment consistent with this Order shall now issue.

    **IT IS SO ORDERED.**

Date: 10/12/2021

                                          JAMES R. SWEENEY II, JUDGE
                                          United States District Court
                                          Southern District of Indiana

Distribution:

ERNEST NICHOLS, JR.
120091
1432 Sycamore Street
Columbus, IN 47201

Rosemary L. Borek
STEPHENSON MOROW & SEMLER
rborek@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com